IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00011-RLV
(5:05-CR-00257-RLV-DCK-1)

| | |
|---|---|
| TREMAYNE KENDRICK BLACKWELL, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, and the Government's Response. For the reasons that follow, Petitioner's Amended § 2255 Motion to Vacate will be granted in part and dismissed in part.[1]

I.   BACKGROUND

Petitioner and a co-defendant, Derrick Rayshawn Parks, were indicted by the grand jury in this District on one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (5:05-cr-00257, Doc. No. 1: Bill of Indictment).[2] Petitioner and Parks elected to plead not guilty and they

---

[1] Petitioner filed a motion to alter his criminal judgment contending that he is entitled to resentencing with a full consideration of the sentencing factors set forth under 18 U.S.C. § 3553(a). (5:13-CV-00011, Doc. No. 14). Based on the conclusion that Petitioner is entitled to a new sentencing hearing, this motion will be dismissed as moot. Petitioner will be appointed counsel for his resentencing hearing and he may articulate any reasons to support a particular sentence under § 3553(a) at that time.

[2] Shortly after the return of the indictment, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on three prior drug convictions which were sustained in North Carolina. (Id., Doc. No. 3).

1

were jointly tried before a jury.

At trial, the Government offered evidence that Richard Eckles managed a large-scale, drug distribution ring in the Statesville area which began in 1998, and involved multiple participants. Several witnesses testified that Petitioner regularly purchased large quantities of drugs from the Eckles drug ring and resold the drugs to other customers. Petitioner's actions piqued the interest of investigators and he was later arrested, and law enforcement seized $5,600 from Petitioner's bedroom and a scale which contained cocaine residue. After a five-day trial, the jury convicted Petitioner and Parks for their role in the drug conspiracy and returned a verdict sheet that confirmed the drug amounts that were attributable to Petitioner which the grand jury had alleged in his indictment. Petitioner was sentenced to a mandatory term of life imprisonment based on his prior state drug convictions and Parks was sentenced to 360-months' imprisonment. (Id., Doc. No. 115: Judgment). Petitioner's conviction and sentence were affirmed on appeal. See United States v. Blackwell, 436 F. App'x 192 (4th Cir. 2011) (unpublished), cert. denied, 132 S. Ct. 1097 (2012).

In this § 2255 proceeding, Petitioner raises several claims of ineffective assistance of trial and appellate counsel which will be examined herein.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if

the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Lastly, the test for ineffective assistance of appellate counsel is largely the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

A. Ground Two[3]

Petitioner contends that he received ineffective assistance of counsel prior to trial because his attorney failed to file a motion to dismiss the indictment based on Speedy Trial grounds. (5:13-CV-00011, Doc. No. 3-1: Amended § 2255 Motion at 6).

1. Statutory right

The Speedy Trial Act ("STA") requires that a defendant be brought to trial within 70

---

[3] Petitioner's first claim for relief will be examined after the disposition of Grounds Two through Five.

4

days of the filing of the indictment or his initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, the STA sets forth a lengthy list of exclusions from the 70-day requirement, including delay resulting from the filing of any pretrial motion (§ 3161(h)(1)(D)), reasonable delay when the defendant is joined for trial with a codefendant for whom the 70 days has not run (§ 3161(h)(6)), or any period of delay resulting from a continuance granted by a judge on its own motion, or upon motion of the defendant or the Government when the court sets forth orally or in writing its reasons for finding that the ends of justice are served by granting the motion for continuance and outweigh the interests of the public and the defendant in a speedy trial (§ 3161(h)(7)(A)). See Zedner v. United States, 547 U.S. 489, 507 (2006) (holding that a violation of the STA is not subject to harmless error review and stating that "[w]ithout on-the-record findings there can be no exclusion under § 3161(h)"). The STA provides that one of the factors a court should consider is whether the case is so complex that 70 days would leave an unreasonably short period of time to prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(ii).

If the STA is violated, the indictment "shall be dismissed on motion of the defendant." Id. § 3162(a)(2). By its plain language, the STA requires dismissal under these circumstances although the court has wide discretion to dismiss the case with or without prejudice. In making this decision on dismissal, the STA directs the court to consider, among other factors, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. Though not dispositive, "the presence or absence of prejudice to the defendant" is "relevant for a district court's consideration" along with the third factor. United States v. Taylor, 487 U.S. 326, 334, 341 (1988); see also United States v. Rushin, 642 F.3d 1299, 1304 (10th Cir.

5

2011) ("Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice under § 3162(a)(2) unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'") (quoting United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir. 1993)). A dismissal without prejudice allows the Government to seek a new indictment within six calendar months of the date of dismissal in the event the statute of limitations has run. 18 U.S.C. § 3288.

In Petitioner's case, the grand jury returned his indictment on December 13, 2005, and his trial did not commence until January 17, 2007. Petitioner did not make his initial appearance until January 6, 2006, and on that same date the Court entered an order continuing Petitioner's trial from the January term to the March 6, 2006. In this order, the Court specifically found that time under the STA should be excluded under § 3161(h)(7) because Petitioner was joined for trial with co-defendant Parks and Parks' time for trial under the STA had not run, and that failure to continue the matter would result in a miscarriage of justice. (5:05-CR-00257, Doc. No. 16: Order). On February 24, 2006, the Court granted defense counsel's motion to continue under § 3161(h)(8)(B)(iv) based on his need for additional time to prepare to defend the case and the Court concluded that the ends of justice outweighed the best interest of the public and the defendant in a speedy trial. (Id., Doc. No. 22). On April 11 and June 21, 2006, the Court again continued the case for the same reasons cited in the January 6th Order. (Id., Doc. Nos. 33, 36). On August 21, 2006, the Court granted the defense's second motion to continue again based on lack of adequate time to prepare a defense under § 3161(h)(8)(B)(iv) and the same ends of justice findings were made and the case was continued to the November 6, 2006, trial term. (Id., Doc. No. 39). The Court granted a final motion to continue Petitioner's case to the January 16, 2007

term, again based on the fact that Petitioner's case was joined for trial with Defendant Parks and his time for trial under the STA had not run and that a failure to continue the trial would result in a miscarriage of justice under § 3161(h)(8)(B)(i). (Id., Doc. No. 51).

Petitioner's claim of ineffective assistance must fail because as the orders of continuance make plain, the delays were excusable and served the ends of justice, and any motion to dismiss on such grounds would therefore have been without merit. However, even assuming Petitioner's counsel could have made a legitimate motion and secured dismissal of the indictment, such a dismissal would have been without prejudice based on the serious nature of the charges Petitioner was facing.

        2.      Sixth Amendment right

A defendant's right under the STA is distinct from his Sixth Amendment right to a speedy trial. See United States v. Woolfolk, 399 F.3d 590, 594-98 (4th Cir. 2005). The Supreme Court's holding in Barker v. Wingo, 407 U.S. 514 (1972), controls the analysis of a Sixth Amendment claim. Under Barker, a court must consider four factors in determining whether a defendant's constitutional right has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. Id. at 530. Regarding the length of the delay, delays exceeding one year are generally "presumptively prejudicial," but delays of less than one year are generally not. See United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006) (internal citations omitted); see also United States v. MacDonald, 635 F.2d 1115, 1117 (4th Cir. 1980) (finding that a roughly seven-month delay was "entirely too short to 'trigger' further inquiry" under Barker).

Petitioner's constitutional challenge here fails because, again, the Court found proper

7

reasons to continue the case and Petitioner cannot demonstrate prejudice in any event.

B.  Ground Three

Petitioner argues that his trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence to support the drug conspiracy charge. (5:13-CV-0001, Amended § 2255 Motion at 10). This argument is plainly without merit as Petitioner's trial counsel did challenge the sufficiency of the evidence through cross-examination and in his closing statement, and such an appellate challenge to the evidence would clearly have failed in light of the Fourth Circuit's finding that there was in fact substantial evidence introduced as to Petitioner's guilt.

C.  Ground Four

Petitioner renews his claim that he is entitled to relief based on his trial counsel's failure to raise a speedy trial violation. This claim will be denied for the reasons previously stated, namely because there was no such violation.

Petitioner's challenge to the sufficiency of the evidence to support the drug amounts for which he was found responsible also fails because there was simply overwhelming evidence on this score which was provided during a multi-day parade of witnesses.

Petitioner's contention that his appellate counsel should have challenged the drug amounts fails because, despite his claim to the contrary, Petitioner qualified for life imprisonment based on his prior state convictions, and the drug quantities only exposed him to a sentencing range of 360 months to life and not mandatory life under § 851. (5:13-CV-00011, Doc. No. 3-2 at 30).

Petitioner next maintains that his trial and appellate counsel were ineffective based on their failure to challenge the state convictions which were relied upon to support his mandatory term of life imprisonment. Petitioner's argument fails here because at the time he was sentenced, and his judgment was affirmed on appeal, the convictions identified by the Government in the § 851 notice were qualifying felonies under Fourth Circuit precedent because they each subjected him to more than one year in prison. Accordingly, Petitioner's trial and appellate counsel were not ineffective in failing to anticipate a change to long-standing Circuit precedent. See Kornahrens v. Evans, 66 F.3d 1350, 1360 (4th Cir. 1995) (no claim of ineffective assistance of counsel for failure to anticipate change in the law) (citing Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (internal citations omitted).

D. Ground Five

Petitioner again raises a skeletal contention that his trial counsel utterly failed to challenge the Government's evidence regarding the drug amounts for which he was held responsible, however this argument fails to acknowledge, or appreciate perhaps, that more than 10 witnesses testified to Petitioner's particular involvement in the drug distribution conspiracy.[4]

Petitioner also raises a wholly conclusory claim that his trial and appellate counsel failed to function as advocates yet he fails to cite to any specific examples. As Petitioner fails to present any reasonable argument in support of these claims, they will be dismissed.

---

[4] Petitioner renews his claim that his Speedy Trial rights were violated and that failure to raise this issue prejudiced him at trial and on appeal. As the Court has already found, there was no such violation. Petitioner also presents a nakedly unsupported claim that he was the victim of prosecutorial misconduct but he fails to offer any meaningful example that could afford relief.

E.      Ground One

Petitioner argues, and the Government agrees, that Petitioner should be entitled to sentencing relief based on a change in Circuit precedent. Petitioner contends that two of the convictions that were relied upon to support his mandatory term of life imprisonment are no longer valid because they did not subject him to more than one year in prison and he bases this argument on the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (5:13-CV-00011, Doc. No. 12: Government's Response at 15).

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law. Simmons, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). After the Fourth Circuit decided Simmons, a Circuit panel found that its holding was retroactive on collateral review. See Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013) (finding that Simmons announced a substantive rule that was retroactive on collateral review).

In Petitioner's presentence report ("PSR"), the probation officer identified the three North Carolina state convictions that the Government alleged in the § 851 notice which were all

10

sustained in Iredell Count Superior Court. The first two convictions were on June 13, 1996, on counts of possession with intent to sell and deliver cocaine and the sale and delivery of cocaine which were consolidated into two judgments. Petitioner was sentenced to suspended terms of 6-8 months' imprisonment in each judgment. (5:05-CR-00257, Doc. No. 102: PSR ¶ 39). The third conviction was sustained in 2003 for the sale of cocaine for which Petitioner was sentenced to a term of 16-20 months' imprisonment. (Id. ¶ 49).

The Government concedes that based on Simmons, Petitioner's 1996 convictions no longer subject him to more than one year in prison and that he should be entitled to sentencing relief. The Court agrees and finds that in the wake of Simmons Petitioner does not qualify for a mandatory term of life imprisonment because he has only one predicate conviction and he is therefore entitled to collateral relief from his sentence.

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's Amended § 2255 Motion to Vacate should be granted in part and dismissed in part.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended § 2255 Motion to Vacate is **GRANTED in part** and he will be resentenced after the U.S. Probation Office has prepared a supplemental presentence report. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

2. Petitioner's remaining claims in his Amended § 2255 Motion are **DENIED** and **DISMISSED with prejudice**. (Doc. No. 3).

3. Petitioner's Motion to Alter Judgment is **DISMISSED**. (Doc. No. 14).

4. The Federal Defenders of Western North Carolina are **DIRECTED** to appoint counsel to represent Petitioner for his resentencing hearing.

5. The U.S. Probation Office is **DIRECTED** to prepare a supplemental presentence report.

6. The date of the resentencing hearing will be provided for in a subsequent order.

7. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as to the dismissed claims because Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully instructed to certify copies of this Order to Petitioner, the U.S. Attorney for this District, the U.S. Probation Office, and the Federal Defenders of Western North Carolina.

The Clerk is further directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 25, 2015

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge